■ In the Matter of SALVATORE SAPONARA, as Father and Natural Guardian of JEREMY SAPONARA, an Infant, Respondent, v LAKELAND CENTRAL SCHOOL DISTRICT et al., Appellants. [29 NYS3d 491]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Lakeland Central School District and George Washington Elementary School appeal from an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 23, 2015, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In June 2014, the infant Jeremy Saponara (hereinafter Jeremy), then a student in the Lakeland Central School District (hereinafter Lakeland) at George Washington Elementary School (hereinafter the School), allegedly was injured during recess when he jumped off the swings in the school's playground and hurt his wrists. More than 5½ months later, Jeremy's father commenced this proceeding for leave to serve a late notice of claim on Lakeland and the School (hereinafter together the appellants).

In determining whether to grant leave to serve a late notice of claim, a court must consider whether (1) the school district

acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675, 675-676 [2009]). "In order to have actual knowledge of the essential facts constituting the claim, [the school district] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; [the school district] need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]).

Here, the petitioner did not proffer any excuse for the failure to serve a timely notice of claim (*see Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 959 [2013]; *Tegay v Rocky Point Sch. Dist.*, 101 AD3d 985, 986 [2012]; *Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1032 [2011]). Furthermore, Jeremy's infancy, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Iglesias v Brentwood Union Free Sch. Dist.*, 118 AD3d 785, 786 [2014]; *Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d 1048, 1049 [2014]; *Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1013 [2011]).

Moreover, the petitioner failed to establish that the appellants acquired actual knowledge of the essential facts constituting his claim within 90 days after the incident or a reasonable time thereafter. While the School's nurse prepared a student incident report on the day of the incident, this form, which merely indicated that Jeremy was injured when he jumped off the swings onto his hands, did not provide the appellants with actual knowledge of the essential facts underlying the claim that the appellants were negligent in their maintenance of the playground by failing to maintain an adequate depth of woodchips on the ground beneath the swings (*see Matter of Lamprecht v Eastport-South Manor Cent. Sch. Dist.*, 129 AD3d

1084, 1086 [2015]; *Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14],* 110 AD3d 905, 907 [2013]; *Matter of Doyle v Elwood Union Free School Dist.,* 39 AD3d 544, 545 [2007]; *Matter of Scott v Huntington Union Free School Dist.,* 29 AD3d 1010, 1011 [2006]). Finally, the petitioner failed to rebut the appellants' assertion that the overall delay of more than 5½ months between the time of the incident and the commencement of this proceeding would substantially prejudice their ability to conduct an investigation at this late date, given the transitory nature of the alleged inadequate condition of the playground surface (*see Matter of Valila v Town of Hempstead,* 107 AD3d 813, 815 [2013]; *Matter of Bell v City of New York,* 100 AD3d 990 [2012]; *Matter of Valentine v City of New York,* 72 AD3d 981, 982 [2010]; *Marengo v City of New York,* 266 AD2d 438 [1999]).

The petitioner's remaining contentions are improperly raised for the first time on appeal and are not properly before this Court (*see Matter of Fernandez v City of New York,* 131 AD3d 532, 533-534 [2015]; *Matter of Klass v City of New York,* 103 AD3d 800, 802 [2013]; *Matter of Zaid v City of New York,* 87 AD3d 661, 663 [2011]). Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.