■ In the Matter of A.C. et al., Respondents, v WEST BABYLON UNION FREE SCHOOL DISTRICT, Appellant. [48 NYS3d 422]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, West Babylon Union Free School District appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated October 5, 2015, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against a school district (*see* Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544, 545 [2007]). In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the

infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]). The first of these factors, actual knowledge of the essential facts underlying the claim, is the most important (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148). Actual knowledge of the essential facts underlying the claim means "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*id.*).

Here, the petitioners failed to show that the appellant obtained actual knowledge of the essential facts constituting the claim within 90 days after the incident or a reasonable time thereafter. While a medical claim form was prepared during the week of the incident and signed by the principal or a designated school authority, this form, which merely indicated that the infant petitioner was injured when another student collided into her during recess, did not provide the appellant with actual knowledge of the essential facts underlying the claim that the appellant, inter alia, failed to properly monitor and supervise the students during school recess (*see Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14]*, 110 AD3d 905, 907 [2013]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 149-150).

Moreover, the petitioners did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]). While the injured person here is an infant, the failure to serve a timely notice of claim and the delay in seeking leave to serve a late notice of claim were not the product of the infant petitioner's infancy (*see Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14]*, 110 AD3d at 906). Furthermore, the infant petitioner's mother failed to submit any evidence to support her allegations that the delay was attributable to the fact that she was more concerned about dealing with her daughter's alleged injuries than with retaining an attorney (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 791).

Finally, as to the issue of substantial prejudice, the petition-

ers presented no "evidence or plausible argument" that their delay in serving a notice of claim did not substantially prejudice the appellant in defending on the merits (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]; *see Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14]*, 110 AD3d at 907; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153). The petitioners contend that the appellant has not been substantially prejudiced in its defense because the condition of the accident location has not changed. The condition of the accident location is irrelevant, however, to the petitioners' claim of negligence— that the appellant was negligent in its supervision of students during a noon recess—and, thus, to the issue of substantial prejudice as well. The petitioners also assert that there were no known witnesses to the incident and, therefore, their delay in filing a notice of claim did not substantially prejudice the appellant in its ability to investigate. This contention runs counter to the petitioners' allegation that the incident, a collision between the infant petitioner and another student, occurred during a group activity. Lastly, the petitioners contend that the availability of records as to the infant petitioner's injuries establishes a lack of substantial prejudice. The medical records, however relevant to the issue of damages, have little, if anything, to do with the appellant's ability to conduct an investigation as to its liability (*see Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14]*, 110 AD3d at 907; *Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142 [2009]; *cf. Matter of Allende v City of New York*, 69 AD3d 931, 932-933 [2010]). Thus, their availability does not support the petitioners' argument that the appellant has not been substantially prejudiced. Inasmuch as the petitioners failed to present any evidence or plausible argument that the appellant has not been substantially prejudiced by the delay, the appellant never became required to make "a particularized evidentiary showing" that they were substantially prejudiced (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Balkin, J.P., Chambers, Roman, Duffy and Barros, JJ., concur.