■ In the Matter of D.M., an Infant, by His Mother and Natural Guardian, KERRI-ANNE M., et al., Respondents, v CENTER MORICHES UNION FREE SCHOOL DISTRICT, Appellant. [54 NYS3d 161]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Center Moriches Union Free School District appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated February 3, 2016, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The infant petitioner allegedly was injured in gym class on September 5, 2014. On August 24, 2015, the petitioners commenced this proceeding for leave to serve a late notice of claim upon the Center Moriches Union Free School District (hereinafter the School District) pursuant to General Municipal Law § 50-e (5). In the order appealed from, the Supreme Court granted the petition. We reverse.

In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d 1006, 1007 [2016]; *Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d 870, 870-871 [2016]; *Matter of Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ.*, 131 AD3d 1063, 1063-1064 [2015]). Although "the presence or absence of any one factor is not necessarily determinative" (*Matter of Tonissen v Huntington U.F.S.D.*, 80 AD3d 704, 705 [2011]), "[t]he first of these factors, actual knowledge of the essential facts underlying the claim, is the most important" (*Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d 1047, 1048 [2017]; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]).

Here, contrary to the petitioners' contention, they failed to establish that the School District "acquired actual knowledge of the essential facts constituting the claim" within 90 days of the accident or a reasonable time thereafter (General Municipal Law § 50-e [5]). Although a medical claim form was prepared and submitted to the School District four days after the accident occurred, it merely indicated that the infant petitioner

lacerated his eyebrow and fractured his wrist when he fell after hanging from a pull-up bar during physical education class. Where, as here, "the incident and the injury do not necessarily occur only as the result of fault for which [the School District] may be liable" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147-148), the School District's "knowledge of the accident and the injury, without more, does not constitute 'actual knowledge of the essential facts constituting the claim' " (*id.*, quoting General Municipal Law § 50-e [5]; *see Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d at 1048; *Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d at 871-872). Rather, "[i]n order to have actual knowledge of the essential facts constituting the claim, [a school district] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148; *see Iglesias v Brentwood Union Free Sch. Dist.*, 118 AD3d 785 [2014]). Contrary to the petitioners' contention, the medical claim form did not provide the School District with actual knowledge of the essential facts underlying the petitioners' claims that, inter alia, it was negligent in its ownership, operation, management, maintenance, and control of the area where the accident occurred, that it was negligent in its hiring, training, and supervision of its employees and agents, or that its employees were negligent in supervising the injured petitioner and responding to the accident (*see Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d at 1048; *Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d at 871-872).

Furthermore, the petitioners failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition (*see Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d at 1048; *Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d at 871; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]). While the injured petitioner here is an infant, the failure to serve a timely notice of claim and the delay in seeking leave to serve a late notice of claim were not the product of the infant petitioner's infancy (*see Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d at 1048; *Matter of Saponara v Lakeland Cent. Sch. Dist.*, 138 AD3d at 871; *Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14]*, 110 AD3d 905, 906 [2013]).

Finally, as to the issue of substantial prejudice, the petitioners presented no evidence or plausible argument that their

delay in serving a notice of claim did not substantially prejudice the School District in defending on the merits (see *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]; *Matter of A.C. v West Babylon Union Free Sch. Dist.*, 147 AD3d at 1048). The assertion contained in the affirmation of the petitioners' attorney which was submitted in support of their motion, that the School District was not substantially prejudiced by the delay in serving a notice of claim, was conclusory and, without more, inadequate to satisfy the petitioners' minimal initial burden with respect to this factor (cf. *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 466-467).

Accordingly, under the circumstances of this case, upon consideration of the relevant factors (see General Municipal Law § 50-e [5]), the Supreme Court should have denied the petition and dismissed the proceeding. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.