In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Plainedge Union Free School District appeals from an order of the Supreme Court, Nassau County (Peck, J.), entered February 24, 2016, which granted the petition.
 

 Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
 

 On June 25, 2015, the infant L.M. (hereinafter the child), then a first-grade student at East Plain School in North Mas-sapequa, allegedly was injured when he fell while climbing up the steps of a playground slide during recess. More than five months after the accident, the petitioner, the child’s mother, commenced this proceeding for leave to serve a late notice of claim on Plainedge Union Free School District (hereinafter the School District). The Supreme Court granted the petition. The School District appeals.
 

 “ ‘Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality’ ” (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910 [2017], quoting Matter of Zaid v City of New York, 87 AD3d 661, 662 [2011]; see General Municipal Law § 50-e [1] [a]). “This requirement also applies to tort actions brought against, inter alia, school districts and school boards” (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910; see Education Law § 3813 [2]). “The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available” (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882 [2013]; see Matter of Ramirez v City of New York, 148 AD3d 908 [2017]). “ ‘The determination of an application for leave to serve and file a late notice of claim is left to the sound discretion of the trial court’ ” (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910, quoting Matter of Wooden v City of New York, 136 AD3d 932, 932 [2016]).
 

 “In determining whether to grant leave to serve a late notice of claim, a court must consider whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits” (Matter of Saponara v Lakeland Cent. Sch. Dist., 138 AD3d 870, 870-871 [2016]; see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]).
 

 While a court must consider the various factors set forth in General Municipal Law § 50-e (5), whether the public corporation had actual knowledge of the essential facts constituting the claim is “ ‘the most important, based on its placement in the statute and its relation to other relevant factors’ ” (Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007 [2016], quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]). “‘In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves’ ” (Claud v West Babylon Union Free Sch. Dist., 110 AD3d 663, 664 [2013], quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148). “ ‘[K]nowledge of the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim’ ” (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 911, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 155).
 

 Here, the petitioner failed to establish that the School District acquired actual knowledge of the essential facts constituting the claim within 90 days after the child’s accident or a reasonable time thereafter. Although the school nurse prepared a “Notification of Injury” form, which the petitioner signed nearly two months after the accident, this form merely indicated that the child received a laceration and contusion on the outer corner of his left eye when he fell on the steps of the large slide. Thus, the form did not provide the School District with timely, actual knowledge of the essential facts underlying the claims that it was negligent in supervising its students, and in the hiring and training of school personnel (see Horn v Bellmore Union Free Sch. Dist., 139 AD3d at 1008; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791-792 [2014]; Matter of Gunsam v Eastern Suffolk Bd. of Coop. Educ. Servs., 109 AD3d 542, 543 [2013]). Therefore, the School District had no reason to conduct a prompt investigation into the purported negligence (see Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 912).
 

 Furthermore, the petitioner failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim. The child’s infancy alone, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (see Matter of Saponara v Lakeland Cent. Sch. Dist., 138 AD3d at 871; Matter of Rennell S. v North Jr. High School, 12 AD3d 518, 519 [2004]). Moreover, to the extent that the petitioner attributed her delay to the need to determine that the proper entity to sue was the School District, a readily ascertainable fact, such a claim does not constitute a reasonable excuse (see Matter of Moore v New York City Hous. Auth., 89 AD3d 1088 [2011]; Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon, 41 AD3d 404, 405-406 [2007]).
 

 While the petitioner did satisfy her initial burden of showing a lack of substantial prejudice to the School District as a result of her late notice, and the School District failed to make a “particularized evidentiary showing” of substantial prejudice in response (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467 [2016]; see Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d 1117, 1118 [2017]), the presence or absence of any one factor is not necessarily determinative in deciding whether permission to serve a late notice of claim should be granted (see Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d at 1118; Matter of Jaffier v City of New York, 148 AD3d 1021 [2017]). A balancing of the relevant factors (see General Municipal Law § 50-e [5]) demonstrates that the Supreme Court improvidently exercised its discretion in granting the petition (see Matter of Rosenblatt v New York City Health & Hosps. Corp., 149 AD3d 961 [2017]).
 

 Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.