Matter of Quinones v City of New York (2018 NY Slip Op 02630)





Matter of Quinones v City of New York


2018 NY Slip Op 02630


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-05818
 (Index No. 702967/16)

[*1]In the Matter of Lucia Quinones, etc., appellant,
v
City of New York, et al., respondents.


Mandel Law Firm, New York, NY (Ellen Zweig, Steven J. Mandel, and William M. Boyle of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg, Ryan Budhu, and Dona B. Morris of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 6, 2016. The order denied her petition for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
On March 16, 2015, the petitioner's child (hereinafter the child), then a pre-kindergarten student at the Bethel Mission Loving Day Care Center in Queens, allegedly was injured when she fell and hit her head on a table in a classroom. Approximately one year after the accident, the petitioner commenced this proceeding to serve a late notice of claim on the City of New York and the Administration for Children's Services (hereinafter together the City). The petition alleged that the City operated the day care center and that its negligent supervision and maintenance of the classroom caused the child's accident and injuries. The Supreme Court denied the petition. The petitioner appeals.
" Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality'" (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910, quoting Matter of Zaid v City of New York, 87 AD3d 661, 662; see General Municipal Law § 50-e[1][a]; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 [*2]AD3d 1413). "The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available" (Vallejo-Bayas v New York City Tr. Auth., 103 AD3d 881, 882; see Matter of Ramirez v City of New York, 148 AD3d 908). " The determination of an application for leave to serve and file a late notice of claim is left to the sound discretion of the trial court'" (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910, quoting Matter of Wooden v City of New York, 136 AD3d 932, 932).
" In determining whether to grant leave to serve a late notice of claim, a court must consider whether: (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant or mentally or physically incapacitated, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim, and (4) the delay would substantially prejudice the public corporation in its defense'" (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910, quoting Matter of Tonissen v Huntington U.F.S.D., 80 AD3d 704, 704-705; see General Municipal Law § 50-e[5]; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413).
The presence or absence of any one factor is not necessarily determinative, but whether the public corporation had actual knowledge of the essential facts constituting the claim is " the most important, based on its placement in the statute and its relation to other relevant factors'" (Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). In order to have actual knowledge of the essential facts constituting the claim, "the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148). "[K]nowledge of the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim" (id. at 155; see Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 911).
Here, the petitioner failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the child's accident or a reasonable time thereafter. Although a teacher prepared an accident report on the day of the incident, it merely indicated that the child ran into the classroom, "slipped," and hit her head on a table. This report did not provide the City with timely, actual knowledge of the essential facts underlying the claims later asserted—that the City was negligent in allowing clutter and debris to accumulate on the floor which caused the child to "trip," and that it was negligent in supervising the students by failing to have a sufficient number of teachers in the classroom (see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d at 1413; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972; Matter of Saponara v Lakeland Cent. Sch. Dist., 138 AD3d 870, 871; Matter of Anderson v Town of Oyster Bay, 101 AD3d 708, 709; Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026).
Furthermore, the petitioner failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim. The child's infancy alone, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (see Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d at 972; Matter of A.C. v West Babylon Union [*3]Free Sch. Dist., 147 AD3d 1047, 1049; Matter of Tonissen v Huntington U.F.S.D., 80 AD3d at 705). The petitioner's mistaken belief that the day care center was privately owned is also unacceptable under the circumstances of this case. The petitioner's failure to ascertain the City's affiliation with the day care center was due to a lack of due diligence in investigating the matter (see Kelly v City of New York, 153 AD3d 1388; Matter of Placido v County of Orange, 112 AD3d 722; Matter of Moore v New York City Hous. Auth., 89 AD3d 1088; Matter of Devivo v Town of Carmel, 68 AD3d 991). The accident report and the school's website information, which the petitioner printed out and attached to her petition, clearly showed the day care center's affiliation with the City.
Finally, the petitioner "presented no evidence or plausible argument' that its delay in serving a notice of claim did not substantially prejudice" the City in defending on the merits (Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 518, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d at 972; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1049). A balancing of the relevant factors (see General Municipal Law § 50-e[5]) therefore demonstrates that the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court