C.D. v Goshen Cent. Sch. Dist. (2020 NY Slip Op 04916)





C.D. v Goshen Cent. Sch. Dist.


2020 NY Slip Op 04916


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-03906
 (Index No. 3665/18)

[*1]C.D., etc., et al., appellants, 
v
Goshen Central School District, et al., respondents.


Rubino Law Firm, Yonkers, NY (JenniElena Rubino of counsel), for appellants.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated February 22, 2019. The order, in effect, granted the defendants' motion to dismiss certain claims that were not in the plaintiffs' notice of claim, sua sponte, dismissed the claim of the plaintiff Brendan Dupper for loss of services, including medical care and expenses, and denied the plaintiffs' cross motion for leave to amend the notice of claim or to serve a late notice of claim.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the claim of the plaintiff Brendan Dupper for loss of services, including medical care and expenses, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, sua sponte, dismissing the claim of the plaintiff Brendan Dupper for loss of services, including medical care and expenses; as so modified, the order is affirmed, with costs to the defendants.
In June 2017, the defendants, Goshen Central School District and Goshen Intermediate School, were served with a notice of claim alleging that, as a result of the defendants' negligent supervision, the infant plaintiff sustained personal injuries during an incident at Goshen Intermediate School on March 30, 2017 (hereinafter the March 2017 incident). According to the notice of claim, the infant plaintiff was injured by another student while they were both participating in a game of kickball during a gym class at school. The notice of claim alleges that, on the date at issue, the infant plaintiff was pushed into a nonpadded wall by another student who had been bullying her for some time, causing her to be injured. The notice of claim also alleges that the bullying student had generated several past complaints for his bullying of students. The notice of claim alleges that, as a result of the incident, the infant plaintiff sustained a dislocated wrist and a laceration above her eye which caused a scar. The plaintiffs served and filed a complaint on or about March 2018. The defendants served their verified answer, along with a demand for a verified bill of particulars, in May 2018. Thereafter, an amended complaint was filed in August 2018, and a verified bill of particulars was served in November 2018.
The defendants moved to dismiss certain claims asserted in the amended complaint and bill of particulars, contending that such claims are outside the scope of the notice of claim. Specifically, the defendants sought dismissal of claims pertaining to events before the March 2017 incident and certain claims of the plaintiff Brendan Dupper, the infant plaintiff's father. The plaintiffs cross-moved for leave to amend the notice of claim or to serve a late notice of claim. In an order dated February 22, 2019, the Supreme Court, in effect, granted the defendants' motion to dismiss those claims not contained in the notice of claim, sua sponte, dismissed Dupper's claim for loss of services, including medical care and expenses, and denied the plaintiffs' cross motion for leave to amend the notice of claim or to serve a late notice of claim.
We agree with the Supreme Court's determination, in effect, granting the defendants' motion. The plaintiffs' new claims of other purported bullying incidents and Dupper's claim that he suffered stress, anxiety, and depression as a result of the March 2017 incident constitute new theories of liability which were not included in the notice of claim and should be dismissed (see Semprini v Village of Southampton, 48 AD3d 543, 544).
We also agree with the Supreme Court's determination denying the plaintiffs' cross motion for leave to amend the notice of claim or to serve a late notice of claim. The plaintiffs' proposed amendments to the notice of claim add substantive new facts and new theories of liability not set forth in the original notice of claim and which are not permitted as late filed amendments to a notice of claim under General Municipal Law § 50-e(6) (see Robinson v City of New York, 138 AD3d 1093, 1094).
With respect to that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim, the plaintiffs' failure to include a proposed notice of claim with their cross motion alone was a sufficient basis for denying that branch of the cross motion (see General Municipal Law § 50-e[7]; Alas v Brentwood Health Ctr., 121 AD3d 822, 823). In any event, the plaintiffs failed to demonstrate sufficient grounds for granting leave to serve a late notice of claim (see Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048).
However, the Supreme Court should not have, sua sponte, dismissed Dupper's claim for loss of services, which includes medical costs and expenses, since no party sought such relief (see generally Robinson v Big City Yonkers, Inc., 179 AD3d 961; Bohlke v General Elec. Co., 293 AD2d 198, 201). Moreover, the notice of claim contains a claim for medical costs and expenses.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court