J. G. v Academy Charter Elementary Sch. (2022 NY Slip Op 02251)

J. G. v Academy Charter Elementary Sch.

2022 NY Slip Op 02251

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.

2021-02718
 (Index No. 608862/20)

[*1]J. G., etc., et al., respondents,
v
Academy Charter Elementary School, appellant.

Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Malone, Tauber & Sohn, P.C., Freeport, NY (Stuart T. Spitzer of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), inter alia, to deem a late notice of claim timely served nunc pro tunc, the Academy Charter Elementary School appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered April 8, 2021. The order granted the application.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the application is denied.
On September 11, 2019, the infant petitioner tripped on the stairs at her school, the Academy Charter Elementary School (hereinafter the appellant), sustaining an injury to her right ankle. The petitioners subsequently commenced this proceeding seeking, inter alia, to deem an attached proposed notice of claim timely served nunc pro tunc. The proceeding was commenced by order to show cause entered on October 1, 2020, more than one year after the accident occurred. The Supreme Court granted the petitioners' application, and this appeal ensued.
The sole arguments set forth by the parties on this appeal relate to whether the Supreme Court providently exercised its discretion in weighing the factors under General Municipal Law § 50-e(5) in allowing the late notice. On the basis of the record before us, we hold that it was an improvident exercise of discretion and we reverse the order appealed from.
Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Matter of Bermudez v City of New York, 167 AD3d 733, 733-734). In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipal entity in its defense (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460-461; Etienne v City of New York, 189 AD3d 1400, 1401). Neither [*2]the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance (see Matter of Miskin v City of New York, 175 AD3d 684, 685; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). A petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc is addressed to the sound discretion of the court (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465; Matter of Quinones v City of New York, 160 AD3d 874, 875).
Here, the petitioners failed to establish that the appellant acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter. The appellant's "knowledge of the accident and the injury, without more, does not constitute actual knowledge of the essential facts constituting the claim, at least where the incident and the injury do not necessarily occur only as the result of fault for which it may be liable" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147-148 [citations and internal quotation marks omitted]; see Matter of Palisay v City of New York, 172 AD3d 1379, 1380). The petitioner mother stated in an affidavit submitted in support of the application that the school nurse called her on the day of the accident, advising her that her daughter fell on the stairs and injured her right foot. This statement, however, did not provide the appellant with actual knowledge of the facts underlying the petitioners' claim of negligent supervision (see Matter of Quinones v City of New York, 160 AD3d at 876; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048). Similarly, although the petitioner mother stated in her affidavit that she spoke to an employee of the appellant about the accident approximately two months after it occurred, the mother's affidavit indicates that the employee had no information or details to share. Moreover, letters sent by the petitioners' attorneys to the appellant did not advise it of the essential facts underlying the negligent supervision claim.
The petitioners also failed to demonstrate a reasonable excuse for their failure to serve a timely notice of claim. The child's infancy alone, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (see Matter of Quinones v City of New York, 160 AD3d at 876; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1049). Moreover, the petitioners' unsubstantiated claim of law office failure does not constitute a reasonable excuse for the failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Lugo v GNP Brokerage, 185 AD3d 824, 826; Matter of Naar v City of New York, 161 AD3d 1081, 1083; Grasso v Nassau County, 109 AD3d 579, 580).
Finally, the petitioners presented no "evidence or plausible argument" that their delay in serving a notice of claim did not substantially prejudice the appellant in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Quinones v City of New York, 160 AD3d at 877; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d at 972; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1049). A balancing of the relevant factors (see General Municipal Law § 50-e[5]) therefore demonstrates that the Supreme Court improvidently exercised its discretion in granting the petitioners' application to deem the late notice of claim timely served nunc pro tunc.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court