Matter of C. N. v City of New York (2022 NY Slip Op 05038)

Matter of C. N. v City of New York

2022 NY Slip Op 05038

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-01059
 (Index No. 517457/20)

[*1]In the Matter of C. N., etc., appellant, 
v
City of New York, et al., respondents.

Law Firm of Davidoff & Associates, Forest Hills, NY (Mark Getzoni of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Eva L. Jerome of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated January 21, 2021. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On May 20, 2019, while a student attending a high school in Brooklyn, the petitioner, an infant, participated in a flag football game in the gymnasium during school hours. While participating in that game, another student elbowed the petitioner's face, causing facial lacerations and nasal injuries. The petitioner reported to the school nurse's office, where a "Head Injury Notification Form" was prepared to be sent to his parents. The petitioner was dismissed from school into the care of his mother, who brought him to the emergency room for further treatment.
Approximately eight months later, in January 2020, the petitioner's mother retained counsel for the purpose of pursuing a legal action against the respondents. At the time she met with her attorneys, the mother was unaware of the 90-day notice of claim filing requirement. On February 10, 2020, approximately 162 days after the incident, the petitioner served the respondents with a late notice of claim dated January 27, 2020. Approximately seven months later, on September 17, 2020, the petitioner, by his mother, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. In an order dated January 21, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Timely service of a notice of claim is a condition precedent to an action sounding in tort and commenced against a municipality (see General Municipal Law § 50-e[1][a]; Matter of C.B. v Carmel Cent. Sch. Dist., 164 AD3d 670, 670; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910). This requirement also applies to tort actions brought against school districts and school boards (see Education Law § 3813[2]; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910). Pursuant to General Municipal Law § 50-e(5), upon application, [*2]the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation as required by General Municipal Law § 50-e(1).
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured party was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain a defense on the merits (see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 463-464; Matter of Bermudez v City of New York, 167 AD3d 733, 734; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 971). Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance (see Matter of Bermudez v City of New York, 167 AD3d at 734; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148). "Actual knowledge of the essential facts underlying the claim means 'knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves'" (Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1048, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148). Knowledge of "the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 155; see Matter of Quinones v City of New York, 160 AD3d 874, 876; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 911).
Here, the petitioner failed to establish that the respondents acquired actual knowledge of the essential facts constituting his claim within 90 days or a reasonable time after the incident. Although the respondents acknowledged that the petitioner reported to the school nurse's office immediately following the incident and that the nurse prepared a "Head Injury Notification Form," that form failed to provide sufficient detail concerning the incident. The form failed to specify where the incident occurred, did not indicate that another student struck the petitioner, made no mention of the specific sporting activity or the gymnasium, failed to indicate that it had been sent to or received by any New York City Department of Education employee or anyone beyond the petitioner, and made no references to witnesses to the occurrence. "[F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation" (Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214-1215 [internal quotation marks omitted]). Contrary to the petitioner's contention, under these circumstances, it cannot be said then that the respondents timely obtained actual knowledge of the facts constituting the petitioner's claim (see I. N. v City of Yonkers, 203 AD3d 721, 723-724; Matter of Catania v City of New York, 188 AD3d 1041, 1043; Matter of Lugo v GNP Brokerage, 185 AD3d 824, 825; see also Matter of Quinones v City of New York, 160 AD3d at 876).
Moreover, the petitioner did not present a reasonable excuse for his failure to timely serve the notice of claim and for the approximate nine-month delay in serving the notice of claim. The mother's ignorance of the law requiring timely service of the notice of claim within 90 days does not suffice (see Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d 666; Matter of Bell v City of New York, 100 AD3d 990, 990; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770). Further, the petitioner did not supply the requisite nexus between his infancy and the delay in filing the notice of claim (see I. N. v City of Yonkers, 203 AD3d 721; see also J.G. v Academy Charter Elementary Sch., 204 AD3d 643, 645; Matter of Quinones v City of New York, 160 AD3d 874, 876; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d at 972).
Finally, the petitioner presented no "evidence or plausible argument" that his delay in serving a notice of claim did not substantially prejudice the respondents in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 519).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court