Matter of R. M. v Board of Educ. of the Long Beach City Sch. Dist. (2023 NY Slip Op 00320)

Matter of R. M. v Board of Educ. of the Long Beach City Sch. Dist.

2023 NY Slip Op 00320

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-02263
 (Index No. 610601/20)

[*1]In the Matter of R. M., etc., et al., respondents,
v
Board of Education of the Long Beach City School District, appellant.

Congdon, Flaherty, O'Callaghan, Fishlinger & Pavlides, Uniondale, NY (Kathleen Foley and Christine Gasser of counsel), for appellant.
Denis G. Kelly & Associates, P.C., Long Beach, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Board of Education of the Long Beach City School District appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated March 5, 2021. The order granted the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
In October 2020, the infant petitioner, by his mother and natural guardian, and his mother individually, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Board of Education of the Long Beach City School District (hereinafter the School Board). The petition alleged that on February 1, 2017, more than 3½ years prior to commencement of this proceeding, the infant petitioner was in kindergarten at Lido Elementary School (hereinafter the school) "when he was caused to fall head first into a metal joint on a spider-web pyramid net climber while being chased by his classmates during recess on the playground."
In support of the petition, the petitioners submitted, among other things, an accident claim form. The form, which was signed by the school principal on February 7, 2017, states that the accident occurred when the infant petitioner "ran into a pole while being chased at recess by classmates." It also states that three employees of the school had supervised the recess. A checkbox labeled "No" beside the names of those employees is marked with an "x" to indicate that none of those employees "witness[ed]" the accident.
The petitioners also submitted a copy of a proposed notice of claim, which contained the same description of the accident as the petition and asserted that the school and its employees were negligent in failing to provide adequate supervision of the infant petitioner while on the playground, in failing to properly instruct the students at recess as to the dangers of running near the play equipment on the playground, and in failing to provide safe playground equipment.
In an order dated March 5, 2021, the Supreme Court granted the petition. The School Board appeals. We reverse.
"In order to commence a tort action against a school district, a claimant generally must serve a notice of claim within 90 days after accrual of the claim" (Matter of D.S. v South Huntington Union Free Sch. Dist., 176 AD3d 1075, 1076; see Education Law § 3813[2]; General Municipal Law § 50-e[1][a]; 50-i[1]). "In determining whether to grant leave to serve a late notice of claim a court must consider all relevant facts, including, but not limited to, whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Matter of D.S. v South Huntington Union Free Sch. Dist., 176 AD3d at 1077; see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]).
"[A] court's decision to grant or deny a motion to serve a late notice of claim is 'purely a discretionary one'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465, quoting Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance" (Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353; see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1414-1416).
Here, the accident claim form states that three school employees were supervising recess but did not see the infant petitioner become injured. This, standing alone, is insufficient to establish actual knowledge of a potential negligent supervision claim because it is well established that schools "'cannot reasonably be expected to continuously supervise and control all movements and activities of students'" (Wienclaw v East Islip Union Free Sch. Dist., 192 AD3d 945, 946, quoting Stephenson v City of New York, 19 NY3d 1031, 1033; see Matter of Ryder v Garden City School Dist., 277 AD2d 388, 388-389). The petitioners also failed to establish that the School Board had actual knowledge of the facts constituting their other two claims (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791-792). The petitioners identify no factual connection between the recess supervisors not seeing the infant petitioner's injury and either the allegedly defective nature of the playground equipment or the instruction given or not given to students at recess. It is not even clear from the description of the incident on the accident claim form whether the school was aware that the infant petitioner injured himself on a "metal joint" as alleged in the petition and the notice of claim. Thus, the petitioners failed to establish that the School Board had actual knowledge of the facts constituting their claims (see Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d at 1353-1354; Matter of Quinones v City of New York, 160 AD3d 874, 876).
Finally, while the petitioners did satisfy their initial burden of showing a lack of substantial prejudice to the School Board as a result of the late notice, and the School Board failed to make a "particularized evidentiary showing" of substantial prejudice in response (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467), this factor is not determinative (see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d at 1415-1416). There is no dispute that the petitioners failed to proffer a reasonable excuse for their failure to serve a timely notice of claim. Coupled with the petitioners' failure to establish that the School Board had actual knowledge of the facts constituting the claim, a balancing of the relevant factors here (see General Municipal Law § 50-e[5]) demonstrates that the Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim (see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d at 1415-1416).
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court