Matter of Brown v New York City Tr. Auth. (2026 NY Slip Op 01356)

Matter of Brown v New York City Tr. Auth.

2026 NY Slip Op 01356

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-06805
 (Index No. 500479/24)

[*1]In the Matter of Melba Brown, appellant,
vNew York City Transit Authority, et al., respondents-respondents, et al., respondent.

Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Catherine Papandrew of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 20, 2024. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On October 27, 2022, the petitioner, a passenger on a New York City bus, allegedly was injured when she tripped and fell as she stepped out of the bus while it was stopped. The petitioner alleged, among other things, that the accident occurred because the bus driver failed to pull the bus close enough to the curb to enable her to exit the bus safely.
In January 2024, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5), inter alia, for leave to serve a late notice of claim on New York City Transit Authority and Metropolitan Transportation Authority (hereinafter together the respondents). In an order dated March 20, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipal entity in its defense" (Matter of Grabko v Rye Neck Union Free Sch. Dist., 236 AD3d 912, 912-913). "'Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance'" (id. at 913, quoting J.G. v Academy Charter Elementary Sch., 204 AD3d 643, 644).
Here, the evidence submitted in support of the petition failed to establish that the respondents acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Ippolito v City of New York, 230 AD3d 683, 684). "'Actual knowledge of the essential facts underlying the claim means knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves'" (Matter of C.N. v City of New York, 208 AD3d 784, 785 [internal quotation marks omitted], quoting Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048). "Knowledge of 'the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim'" (id., quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 155).
Although the petitioner's submissions in support of the petition may have demonstrated that the respondents had actual knowledge of the occurrence of the accident, the petitioner failed to submit evidence establishing that the respondents had actual knowledge of the circumstances of the accident from which they could readily infer that a potentially actionable wrong had been committed by them (see Matter of Lang v County of Nassau, 210 AD3d 773, 775; Matter of Ibrahim v New York City Tr. Auth., 202 AD3d 786, 788). Moreover, the mere alleged existence of reports, without evidence of their content, was insufficient to impute actual knowledge to the respondents (see Parker v City of New York, 206 AD3d 936, 938; Etienne v City of New York, 189 AD3d 1400, 1402). Even assuming, arguendo, we were to consider the additional materials that were improperly submitted by the petitioner for the first time with her reply papers (see Matter of Joseph v City of New York, 208 AD3d 1324, 1327; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 853), those materials did not make a connection between the petitioner's alleged injuries and the respondents' alleged negligent conduct so as to afford the respondents actual knowledge of the essential facts constituting the claim (see Matter of Charbrut v City of New York, 237 AD3d 695, 697; Matter of Clark v City of New York, 139 AD3d 849, 850).
Further, the petitioner did not proffer any excuse for her failure to serve a timely notice of claim (see Matter of Grandberry v City of New York, 206 AD3d 654, 655; Matter of Barrer-Cohen v Greenburgh Cent. Sch. Dist., 178 AD3d 920, 921).
Finally, although the petitioner satisfied her initial burden of establishing a lack of substantial prejudice to the respondents, and the respondents failed to rebut that showing with particularized evidence of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467), the balancing of the actual knowledge and reasonable excuse factors weighed against permitting service of a late notice of claim (see Matter of Ippolito v City of New York, 230 AD3d at 686; Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1215-1216).
The petitioner's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court