I. N. v City of Yonkers (2022 NY Slip Op 01301)





I. N. v City of Yonkers


2022 NY Slip Op 01301


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-13214
 (Index No. 56176/19)

[*1]I. N., etc., et al., appellants,
v
City of Yonkers, et al., respondents.


James Patrick Delaney, New York, NY, for appellants.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (David P. Redmond of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated October 7, 2019. The order denied the plaintiffs' motion, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc.
ORDERED that the order is affirmed, with costs.
The infant plaintiff allegedly was injured on February 26, 2018, when he fell during recess at his public school in Yonkers and sustained an injury to his right knee. Approximately 14 months later, in April 2019, the infant plaintiff and his parents commenced this action, inter alia, to recover damages for his injuries. Shortly thereafter, the plaintiffs moved, among other things, pursuant to General Municipal Law § 50-e(5) for leave to deem a late notice of claim timely served nunc pro tunc upon the defendants, City of Yonkers and Yonkers Board of Education, attaching thereto the proposed notice of claim. In the order appealed from, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality (see General Municipal Law § 50-e[1][a]; Matter of C.B. v Carmel Cent. Sch. Dist., 164 AD3d 670, 670; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910). This requirement also applies to tort actions commenced against school districts and school boards (see Education Law § 3813[2]; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 910). Pursuant to General Municipal Law § 50-e(5), upon application, the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation as required by General Municipal Law § 50-e(1).
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the plaintiff demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and [*2](4) the school district was substantially prejudiced by the delay in its ability to maintain a defense on the merits (see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 463-464; Matter of Bermudez v City of New York, 167 AD3d 733, 734; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 971).
Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance (see Matter of Bermudez v City of New York, 167 AD3d at 734; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148). "Actual knowledge of the essential facts underlying the claim means 'knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves'" (Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1048, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148). Knowledge of "the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 155; see Matter of Quinones v City of New York, 160 AD3d 874, 876; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 911).
Here, the plaintiffs failed to establish that the defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the infant plaintiff's accident or a reasonable time thereafter. While a "medical referral" form was prepared at the school on the day of the accident, it merely indicated that the infant plaintiff sustained a deep laceration to his right knee from a fall during recess. This document did not provide any details as to the location of the accident or how it occurred. The document did not provide the defendants with timely, actual knowledge of the essential facts underlying the claims later asserted—that they were negligent in maintaining a metal guardrail in an area of a parking lot where the accident happened and that they were negligent in monitoring and supervising the students during recess (see Matter of Quinones v City of New York, 160 AD3d at 876; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1048). Contrary to the plaintiffs' further contention, the conclusory assertions in their affidavits failed to demonstrate that the defendants had timely, actual knowledge of the essential facts constituting the claim, including how the accident occurred and its location (see Matter of Kumar v Dormitory Auth. of the State of N.Y., 150 AD3d 1117, 1118; Matter of Padgett v City of New York, 78 AD3d 949, 950; see also Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000).
Moreover, the plaintiffs failed to demonstrate a reasonable excuse for their failure to serve a timely notice of claim and for the approximate 11-month delay in serving the notice of claim. While the injured person here is an infant, the plaintiffs failed to submit evidence to support their contention that the delay was the product of the infant plaintiff's infancy (see Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d at 972; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d at 1048), or attributable to the seriousness of his injuries (see Matter of Etienne v City of New York, 189 AD3d 1400, 1402; Matter of Catania v City of New York, 188 AD3d 1041, 1042-1043; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 912). The plaintiffs consulted an attorney in June 2018, but this action was not commenced, and the motion, inter alia, for leave to deem the late notice of claim timely served nunc pro tunc was not made, until April 2019. No reasonable excuse was presented for such delay.
Finally, the plaintiffs failed to sustain their initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) that granting the motion would not substantially prejudice the defendants in maintaining their defense on the merits (see Matter of Palisay v City of New York, 172 AD3d at 1380; Matter of Bermudez v City of New York, 167 AD3d at 735; Matter of Quinones v City of New York, 160 AD3d at 877).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court