Matter of Roman v New York City Hous. Auth. (2023 NY Slip Op 00322)

Matter of Roman v New York City Hous. Auth.

2023 NY Slip Op 00322

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01542
 (Index No. 706981/19)

[*1]In the Matter of Giselle Roman, etc., appellant, 
v
New York City Housing Authority, respondent-respondent, et al., respondents.

Certain & Zilberg, PLLC, New York, NY (Michael Zilberg of counsel), for appellant.
Herzfeld & Rubin, P.C., New York, NY (Sharyn Rootenberg and Miriam Skolnik of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the respondent New York City Housing Authority, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 6, 2020. The order, insofar as appealed from, denied that branch of the petition which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the respondent New York City Housing Authority.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2019, the petitioner, individually and as parent and natural guardian of her child, commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the respondent New York City Housing Authority (hereinafter NYCHA), alleging, among other things, that, in February 2018, the child was diagnosed with dangerous levels of lead in her blood caused by lead paint and lead substances in the petitioner's apartment located in a building owned by NYCHA, and as a result thereof, the child sustained personal injuries. In an order entered January 6, 2020, the Supreme Court, inter alia, denied that branch of the petition which was for leave to serve a late notice of claim on NYCHA. The petitioner appeals.
Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against NYCHA (see id. § 50-e[1][a]; Public Housing Law § 157[2]; Torres v New York City Hous. Auth., 199 AD3d 852, 853-854). Pursuant to General Municipal Law § 50-e(5), upon application, the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation as required by General Municipal Law § 50-e(1).
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, [*2]whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain a defense on the merits (see id. § 50-e[5]; I.N. v City of Yonkers, 203 AD3d 721, 722-723; Matter of White v New York City Hous. Auth., 38 AD3d 675, 675-676). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the [public corporation] timely acquired actual knowledge is of great importance" (I.N. v City of Yonkers, 203 AD3d at 723).
Here, the Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on NYCHA. The petitioner failed to establish that NYCHA acquired actual knowledge of the essential facts constituting the claim within 90 days after the petitioner discovered that the child had blood lead levels exceeding safe limits. Contrary to the petitioner's contention, the record shows that the New York City Department of Health and Mental Hygiene, not NYCHA, inspected the petitioner's apartment in February 2018, and that the inspector observed "no evidence of violation" at that time. In any event, any potential notice to a city agency cannot be imputed to NYCHA (see Kelly v City of New York, 153 AD3d 1388, 1389; Matter of Lyerly v City of New York, 283 AD2d 647, 648). Additionally, the petitioner failed to submit evidence showing that NYCHA became aware of the facts underlying the claim when it moved the petitioner to a different apartment in March 2018. Further, NYCHA's purported admissions in a federal action of violations of the law between 2010 and 2016 do not evince actual knowledge of the petitioner's claim, which arose in February 2018 (see I.N. v City of Yonkers, 203 AD3d at 723-724; Sweeney v D & J Vending, 291 AD2d 443, 444).
The petitioner's claim accrued in February 2018, when she received test results that she alleges indicate that the child had blood lead levels exceeding safe limits, and the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the approximately 11-month delay in serving a notice of claim. The petitioner failed to demonstrate any nexus between the child's infancy and the failure to serve a timely notice of claim (see I.N. v City of Yonkers, 203 AD3d at 724; E.R. v Windham, 181 AD3d 736, 739). The petitioner's submissions, which included the medical records of the child, show that the child's blood was tested for lead approximately once a month. Likewise, the petitioner's attestation that she moved apartments on or around the 32nd day of the 90-day period to serve a timely notice of claim also does not support her contention that she was preoccupied to such an extent that she could not comply with the statutory requirement (see Matter of Klass v City of New York, 103 AD3d 800, 801; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770).
The petitioner also failed to sustain her initial burden of presenting "some evidence or plausible argument" that granting leave to serve a late notice of claim would not substantially prejudice NYCHA in maintaining a defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see I.N. v City of Yonkers, 203 AD3d at 724).
The petitioner's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on NYCHA (see J.G. v Academy Charter Elementary Sch., 204 AD3d 643, 645-646; I.N. v City of Yonkers, 203 AD3d at 724).
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court