Matter of Pil-Yong Yoo v County of Suffolk (2023 NY Slip Op 02008)

Matter of Pil-Yong Yoo v County of Suffolk

2023 NY Slip Op 02008

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05593
 (Index No. 600798/20)

[*1]In the Matter of Pil-Yong Yoo, respondent,
v
County of Suffolk, et al., appellants.

Dennis M. Cohen, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for appellants.
Law Offices of Thomas F. Liotti, LLC, Garden City, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 5, 2020. The order, insofar as appealed from, granted those branches of the petition which were for leave to serve a late notice of claim with respect to causes of action alleging false arrest, false imprisonment, and malicious prosecution.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, and those branches of the petition which were for leave to serve a late notice of claim with respect to causes of action alleging false arrest, false imprisonment, and malicious prosecution are denied.
On September 7, 2016, the petitioner was arrested after police searched his home and seized his gun collection. The following day, the petitioner was released from custody. In 2017, the petitioner pleaded guilty to one count of criminal possession of a weapon in the third degree, and the petitioner served a term of imprisonment from March 2018 to November 2019. While the petitioner was in prison, this Court granted the petitioner an extension of time to take an appeal from his conviction, and the petitioner separately moved in the Supreme Court to vacate his conviction.
Before his release from prison, while his appeal was still pending, the petitioner served a notice of claim dated October 23, 2019, alleging, inter alia, false arrest, false imprisonment, and malicious prosecution. In a letter dated November 7, 2019, the County of Suffolk acknowledged receipt of the notice of claim and asserted that the notice of claim was untimely.
In December 2019, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim against the County, the Suffolk County Police Department, and the Suffolk County District Attorney's Office (hereinafter collectively the respondents). The respondents opposed the petition. In an order dated May 5, 2020, the Supreme Court, inter alia, granted those branches of the petition which were for leave to serve a late notice of claim with respect to causes of action alleging false arrest, false imprisonment, and malicious prosecution. This appeal ensued.
"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality" (I.N. v City of Yonkers, 203 AD3d 721, 722; see General Municipal Law § 50-e[1][a]). "As a matter of law, a court only has the discretionary authority to allow the filing of a late notice of claim within the statute of limitations period, unless the limitations period has been tolled" (Watts v City of New York, 186 AD3d 1574, 1575-1576; see General Municipal Law § 50-e[5]; Pierson v City of New York, 56 NY2d 950, 954).
Here, the cause of action alleging that the petitioner was falsely arrested on September 7, 2016, accrued when he was released from custody on September 8, 2016 (see Coleman v Worster, 140 AD3d 1002, 1004; Avgush v Town of Yorktown, 303 AD2d 340, 341). Accordingly, the cause of action alleging false arrest was time-barred (see General Municipal Law § 50-i[1][c]), and the Supreme Court should have denied that branch of the petition which was for leave to serve a late notice of claim with respect to that cause of action (see Watts v City of New York, 186 AD3d at 1575-1576). However, the cause of action alleging false imprisonment, which is based on the petitioner's imprisonment from May 2018 to November 2019, and the cause of action alleging malicious prosecution, are not time-barred (see Williams v City of New York, 153 AD3d 1301, 1305; Coleman v Worster, 140 AD3d at 1004; Avgush v Town of Yorktown, 303 AD2d at 341).
General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time to serve a notice of claim. "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the [municipality] acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the [municipality] in its defense on the merits" (Matter of Manbodh v New York City Tr. Auth., 204 AD3d 914, 915). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance" (I.N. v City of Yonkers, 203 AD3d at 723).
Here, the petitioner failed to establish that the respondents acquired actual knowledge of the essential facts constituting his claims within 90 day after the claims arose or a reasonable time thereafter (see Matter of Islam v City of New York, 164 AD3d 672, 674; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000). Moreover, the petitioner's ignorance of the law was not a reasonable excuse for his failure to serve a timely notice of claim (see Matter of C.N. v City of New York, 208 AD3d 784, 786; Matter of Robinson v City of New York, 208 AD3d 587, 588; Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d 666, 668). Finally, the petitioner failed to come forward with "some evidence or plausible argument" that the respondents will not be substantially prejudiced in maintaining a defense (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). The conclusory assertion of the petitioner's counsel in an affirmation in support of the petition that the respondents were "not prejudiced in any manner by this delay" was inadequate to satisfy the petitioner's minimal initial burden with respect to this factor (see Matter of Lang v County of Nassau, 210 AD3d 773, 775-776; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972-973).
Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the petition which were for leave to serve a late notice of claim with respect to the causes of action alleging false imprisonment and malicious prosecution (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214-1216; Matter of Islam v City of New York, 164 AD3d at 675).
In light of the foregoing, we need not reach the respondents' remaining contention.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court