C.A. v Academy Charter Sch. (2023 NY Slip Op 02773)

C.A. v Academy Charter Sch.

2023 NY Slip Op 02773

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-07808
2022-02381
 (Index No. 610226/20)

[*1]C.A., etc., et al., appellants, 
v
Academy Charter School, respondent.

Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine of counsel), for appellants.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Michael A. Miranda, Maurizio Savoiardo, and Anne Edelman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 30, 2021, and (2) an order of the same court entered March 29, 2022. The order entered September 30, 2021, denied the plaintiffs' motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, and granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint for failure to timely serve a notice of claim. The order entered March 29, 2022, insofar as appealed from, in effect, upon reargument, adhered to the prior determinations in the order entered September 30, 2021, denying the plaintiffs' motion and granting the defendant's cross-motion.
ORDERED that the appeal from the order entered September 30, 2021, is dismissed, as that order was superseded by the order entered March 29, 2022, made upon reargument; and it is further,
ORDERED that the order entered March 29, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On May 15, 2018, the infant plaintiff, then 14 years old, allegedly was injured during gym class at the defendant's school when another student collided with him. The infant plaintiff was treated by the school nurse and sent home, and an incident report was completed. In September 2020, the infant plaintiff, by his father and natural guardian, and his father suing derivatively, commenced this action to recover damages for personal injuries.
On March 26, 2021, the plaintiffs moved pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint for failure to timely serve a notice of claim. In an order entered September 30, 2021, the Supreme Court denied the plaintiffs' motion and granted the defendant's cross-motion. The plaintiffs then moved for leave to reargue their motion and their opposition to the defendant's [*2]cross-motion. In an order entered March 29, 2022, the court, in effect, granted reargument and, upon reargument, adhered to its prior determinations in the September 30, 2021 order, denying the plaintiffs' motion and granting the defendant's cross-motion. The plaintiffs appeal.
"In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the school . . . acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the plaintiff demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school . . . was substantially prejudiced by the delay in its ability to maintain a defense on the merits" (I.N. v City of Yonkers, 203 AD3d 721, 722-723; see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 463-464).
"Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the [school] timely acquired actual knowledge is of great importance" (I.N. v City of Yonkers, 203 AD3d at 723). Significantly, "knowledge of the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the [school] with knowledge of the essential facts constituting the claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 155; see I.N. v City of Yonkers, 203 AD3d at 723).
Here, the plaintiffs failed to demonstrate that the defendant acquired timely, actual knowledge of the essential facts constituting the claim. The incident report and the infant plaintiff's alleged return to school on crutches and with restrictions merely informed the defendant that the infant plaintiff had been injured in an accident with another student during gym class. They did not provide the defendant with actual knowledge of the essential facts underlying the claim later asserted—that the students were negligently supervised (see I.N. v City of Yonkers, 203 AD3d at 723; Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352; Matter of Quinones v City of New York, 160 AD3d 874, 876; Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1415; Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048).
Further, the plaintiffs neither proffered a reason for their lengthy delay in seeking leave to serve a late notice of claim, nor argued that there was any nexus between the infant plaintiff's infancy and the delay (see C. N. v City of New York, 208 AD3d 784; J.G. v Academy Charter Elementary Sch., 204 AD3d 643, 645).
Finally, the plaintiffs failed to sustain their initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) that granting their motion would not substantially prejudice the defendant in maintaining its defense on the merits (see I.N. v City of Yonkers, 203 AD3d at 724; Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d at 1354; Matter of Quinones v City of New York, 160 AD3d at 877; Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 972-973).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, and in granting the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint for failure to timely serve a notice of claim.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court