Y. P. v City of New York (2024 NY Slip Op 04565)

Y. P. v City of New York

2024 NY Slip Op 04565

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-01803
 (Index No. 503201/20)

[*1]Y. P., etc., respondent, 
v
City of New York, et al., appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated December 14, 2022. The order granted the plaintiff's motion for leave to serve a late notice of claim.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion for leave to serve a late notice of claim is denied.
On March 28, 2019, the plaintiff, an infant, allegedly sustained injuries when she fell from bleachers during a physical education class at her school. On or about June 17, 2019, the plaintiff, by her mother and natural guardian, served upon the defendants a notice of claim alleging, inter alia, that the defendants were negligent in their maintenance of the bleachers. On or about March 27, 2020, the plaintiff served upon the defendants an "amended" notice of claim which added new allegations of negligent supervision. The plaintiff concedes that the new notice of claim was served without leave of the court. Thereafter, the plaintiff moved for leave to serve a late notice of claim alleging negligent supervision. In an order dated December 14, 2022, the Supreme Court granted the motion. The defendants appeal.
"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity" (J.G. v Academy Charter Elementary Sch., 204 AD3d 643, 644; see Matter of C.N. v City of New York, 208 AD3d 784, 784). "In determining whether to grant leave to serve a late notice of claim a court must consider all relevant facts, including, but not limited to, whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (Matter of R.M. v Board of Educ. of the Long Beach City Sch. Dist., 212 AD3d 812, 813, quoting Matter of D.S. v South Huntington Union Free Sch. Dist., 176 AD3d 1075, 1077). "The presence or absence of any one factor is not necessarily determinative, but whether the public corporation had actual knowledge of the essential facts constituting the claim is 'the most important, based on its placement in the statute and its relation to other relevant factors'" (Matter of Quinones v City of New [*2]York, 160 AD3d 874, 875, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147; see Pannell v New York City Health & Hosps. Corp., 192 AD3d 1130, 1131).
Here, contrary to the Supreme Court's determination, the record does not reflect that the defendants obtained timely actual knowledge of the facts constituting the plaintiff's newly asserted claims. The defendants' investigation reports merely established that the plaintiff had been injured in a fall during physical education class, and did not provide the defendants with actual knowledge of the facts underlying the plaintiff's negligent supervision claim (see Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353-1354; Matter of Ryder v Garden City School Dist., 277 AD2d 388, 388-389). "It is well established that schools 'cannot reasonably be expected to continuously supervise and control all movements and activities of students'" (Matter of R.M. v Board of Educ. of the Long Beach City Sch. Dist., 212 AD3d at 814, quoting Wienclaw v East Islip Union Free Sch. Dist., 192 AD3d 945, 946).
The plaintiff also failed to provide a reasonable excuse for her failure to timely serve a notice of claim asserting a negligent supervision theory of liability. Finally, the plaintiff presented no "evidence or plausible argument" that her delay in serving a notice of claim did not substantially prejudice the defendants in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of C.N. v City of New York, 208 AD3d at 786).
Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to serve a late notice of claim (see Yoo v County of Suffolk, 215 AD3d 852, 853-854).
The parties' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court