Matter of Moore v Nassau Univ. Med. Ctr. (2025 NY Slip Op 02071)

Matter of Moore v Nassau Univ. Med. Ctr.

2025 NY Slip Op 02071

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-10046
 (Index No. 602730/23)

[*1]In the Matter of Stephanie Moore, appellant,
v
Nassau University Medical Center, et al., respondents.

Davis & Ferber, LLP, Islandia, NY (Cary M. Greenberg and Jennifer Spellman of counsel), for appellant.
Rubin, Paterniti, Gonzalez, Rizzo & Kaufman, LLP, New York, NY (Jonathan Waldauer and Juan C. Gonzalez of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered July 31, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On July 21, 2022, the petitioner allegedly was injured when she tripped and fell on a cracked walkway leading to the entrance of Nassau University Medical Center (hereinafter the hospital). In February 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the hospital and Nassau Healthcare Corporation (hereinafter together the respondents). In an order entered July 31, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court" (Matter of Guevara v Village of Hempstead Police Dept., 227 AD3d 1075, 1075-1076). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Alexander v County of Nassau, 227 AD3d 888, 889 [internal quotation marks omitted]; see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 463-464). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Alexander v County of Nassau, 227 AD3d at 889, quoting Parker v City of New York, 206 AD3d 936, 938).
Contrary to the petitioner's contention, the evidence submitted in support of the petition failed to establish that the respondents acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of Lang v County of Nassau, 210 AD3d 773, 774). "In order for a municipality to have actual knowledge of the essential facts constituting the claim, '[it] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim'" (Lobos v City of New York, 219 AD3d 720, 721, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148). "Knowledge of 'the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim'" (I.N. v City of Yonkers, 203 AD3d 721, 723, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 155).
Here, the petitioner's medical records prepared on the date of the accident indicated that the petitioner tripped and fell outside of the hospital. However, the medical records did not provide the respondents with actual knowledge of the essential facts underlying the legal theories in the notice of claim that the petitioner fell due to a cracked or defective portion of the walkway and that the respondents were negligent in, among other things, failing to adequately repair and maintain the walkway or to provide adequate warning signs of the allegedly defective walkway (see I.N. v City of Yonkers, 203 AD3d at 723; Matter of Maldonado v City of New York, 152 AD3d 522, 523; Matter of Guiliano v Town of Oyster Bay, 244 AD2d 408, 409). Moreover, the petitioner's conclusory and unsubstantiated assertion that she reported the accident to unidentified employees of the hospital, without evidence of any specific information she may have reported, was insufficient to impute actual knowledge of the essential facts constituting the claim to the respondents (see Matter of Ippolito v City of New York, 230 AD3d 683, 685; Lobos v City of New York, 219 AD3d at 722; Seif v City of New York, 218 AD2d 595, 597).
Furthermore, the petitioner's ignorance of the statutory requirement to serve a notice of claim within the 90-day period does not constitute a reasonable excuse for her failure to timely serve the notice of claim upon the respondents (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214; Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920, 921-922; Saafir v Metro-North Commuter R.R. Co., 260 AD2d 462, 463).
Finally, the petitioner failed to sustain her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) that the respondents will not be substantially prejudiced in their ability to defend against the action (see Matter of Lang v County of Nassau, 210 AD3d at 775-776; Matter of Bermudez v City of New York, 167 AD3d 733, 735; Matter of Maldonado v City of New York, 152 AD3d at 523).
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are improperly raised for the first time on appeal and thus, not properly before this Court.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court