Matter of Browne v New York City Hous. Auth. (2025 NY Slip Op 06165)

Matter of Browne v New York City Hous. Auth.

2025 NY Slip Op 06165

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-00672
 (Index No. 712586/22)

[*1]In the Matter of Ranaisha Browne, etc., respondent,
v
New York City Housing Authority, appellant.

Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik of counsel), for appellant.
Gregory J. Cannata & Associates, LLP (Michael H. Zhu, Esq., P.C., Rego Park, NY, of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered December 9, 2022. The order granted the petition to the extent that the notice of claim was deemed timely served nunc pro tunc.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
T. T. (hereinafter the infant) was born in 2010. In 2015, the infant's family moved into a building owned by New York City Housing Authority (hereinafter NYCHA). In November 2018, the infant was diagnosed with B-cell acute lymphoblastic leukemia. After undergoing nine months of chemotherapy, the infant returned to school in September 2019. In October 2021, in a proceeding against NYCHA pursuant to CPLR 3102(c) for disclosure to aid in bringing an action, the infant's mother (hereinafter the petitioner) moved to compel NYCHA to provide information about whether pesticides and/or herbicides were used on the grounds surrounding the building in 2015 or 2016. The Supreme Court denied the motion on the ground that the material sought was not material and necessary to frame a complaint. The petitioner later served NYCHA with a notice of claim dated February 1, 2022, alleging that NYCHA was negligent in applying pesticides and herbicides on the lawns and grounds surrounding the infant's residence, causing the infant to develop B-cell acute lymphoblastic leukemia.
On June 15, 2022, the petitioner, as mother and natural guardian of the infant, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. In an order entered December 9, 2022, the Supreme Court granted the petition to the extent that the notice of claim was deemed timely served nunc pro tunc. We reverse.
Prior to commencing a personal injury action alleging negligence against NYCHA, a plaintiff generally must serve a notice of claim upon NYCHA within 90 days after the cause of action arises (see Public Housing Law § 157[2]; General Municipal Law § 50-e[1][a]). However, [*2]courts have "discretion to extend the 90-day time limitation 'in exceptional cases' upon consideration of all relevant factors" (Matter of Jaime v City of New York, 41 NY3d 531, 540, quoting Matter of Beary v City of Rye, 44 NY2d 398, 412). In this regard, General Municipal Law § 50-e(5) provides that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim" and that "[i]n determining whether to grant the extension, the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within [90 days after the cause of action arose] or within a reasonable time thereafter." The statute further provides that the court "shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant . . . and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.). "Courts also commonly consider whether the petitioner had a reasonable excuse for failing to serve a timely notice of claim. While the statute does not explicitly provide for consideration of that factor, the statute is nonexhaustive and this factor has firmly taken root in the case law" (Matter of Jaime v City of New York, 41 NY3d at 541). "'The presence or absence of any one factor is not necessarily determinative, but whether the public corporation had actual knowledge of the essential facts constituting the claim is the most important, based on its placement in the statute and its relation to other relevant factors'" (Y.P. v City of New York, 230 AD3d 1332, 1333 [internal quotation marks omitted], quoting Matter of Quinones v City of New York, 160 AD3d 874, 875; see Matter of Jaime v City of New York, 41 NY3d at 540).
Here, NYCHA did not receive any notice of the essential facts constituting the claim until almost three years after it accrued when, in October 2021, the petitioner moved pursuant to CPLR 3102(c) for disclosure from NYCHA to aid in bringing an action (see Matter of Roman v New York City Hous. Auth., 212 AD3d 816, 818; I.N. v City of Yonkers, 203 AD3d 721, 723-724; Matter of Moroz v City of New York, 165 AD3d 799, 800). Further, even assuming that the petitioner demonstrated a reasonable excuse for not submitting a notice of claim during the time between the infant's diagnosis and the end of his chemotherapy (see Bergado v New York City Health & Hosps. Corp., 233 AD3d 676), the petitioner failed to demonstrate a reasonable excuse for delaying an additional two years and nine months before seeking leave to serve a late notice of claim, including the delay of 4½ months between the date of the notice of claim and the date that the petitioner commenced this proceeding for leave to serve a late notice of claim or to deem the late notice of claim to have been timely served nunc pro tunc (see Matter of Mandelbaum v City of New York, 230 AD3d 498, 499; Charlot v City of New York, 228 AD3d 720, 721-722; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791). Although the infant is an infant, the petitioner has not "argued that there was any nexus between the . . . infancy and the delay" (C.A. v Academy Charter Sch., 216 AD3d 1075, 1077; see Matter of C.N. v City of New York, 208 AD3d 784, 786). Finally, the petitioner failed to present "'some evidence or plausible argument that supports a finding of no substantial prejudice'" (Matter of Jaime v City of New York, 41 NY3d at 541, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court